IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| CHARLES EPPOLITO, JR. and | : | BANKR. NO. 12-12083-MDC |
| ELAINE A. EPPOLITO | : | |
| | : | |
| Debtors. | : | |

**UNITED STATES TRUSTEE'S SUPPLEMENT TO THE MOTION TO REOPEN CASE**

The United States Trustee ("UST") submits this Supplement to the UST's Motion to Reopen Case for the Court's consideration as follows:

1. The UST filed a Motion to Reopen (the "Motion") the above-referenced case under Section 350(b) of the Bankruptcy Code on December 6, 2019. (*Exhibit 1, attached*)

2. The UST incorporates the facts alleged in his Motion herein.

3. Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in which such case is closed to administer assets, to accord relief to the debtor, or for other cause" 11U.S.C.350(b); see also Fed.R. Bankr.P. 5010.

4. Charles Eppolito, Jr. and Elaine A. Eppolito (the "debtors") filed an objection to the Motion.

5. Charles Eppolito, Jr. (the "debtor") filed a lawsuit on July 3, 2014 against Howmedica Osteonics Corporation d/b/a Stryker Orthopedics (the "defendant") in Superior Court of New Jersey. (the "Complaint") *(Exhibit 2, attached).*

6. The debtor alleged in his Complaint that the defendant was the manufacturer of a defective product sold under the name "The Accolade TMZF® Hip Stem and LFIT Anatomic V40 Femoral Head". (the "defective device"). (Complaint, Paragraph 5)

7. The debtor alleged in his Complaint that the defective device was implanted into the debtor on December 20, 2005. (Complaint, Paragraph 6)

8. The debtor stated in his Complaint: "As a direct and proximate result of Defendant placing the Defective Product into the stream of commerce, Plaintiff Charles Eppolito, Jr. has suffered and continues to suffer both injuries and damages, including but not limited to: past, present and future physical and mental pain and suffering; and past, present and future medical, hospital, rehabilitative and pharmaceutical expenses, and other related damages." (Complaint, Paragraph 7)

9. The debtor stated in his Complaint: "After the implantation of the effective Device, Plaintiff Charles Eppolito, Jr. began experiencing discomfort in the area of his Defective Device." (Complaint, Paragraph 13)

10. The debtor stated in his Complaint: "Based upon diagnostic workup and in light of Plaintiffs worsening symptoms, he was taken back for revision surgery on July 20, 2012. During that surgery, it was discovered that, in fact, there was presence of gross heavy metal toxicity or metallosis, severe damage to the trunnion, and disengagement of the femoral head from the trunnion." (Complaint, Paragraph 14)

11. The debtor's Complaint clearly sets forth that the debtor's cause of action arose in December 2005, when the defective device was implanted into the debtor.

12. The debtor filed a chapter 7 petition on March 12, 2012.

13. The UST was informed there is a proposed settlement (the "Settlement") reached in the litigation which will result in a payment of over $300,000.

14. The UST believes that the facts set forth in the Complaint establish a prima facie case which the cause of action arose prior to the filing of the chapter 7 bankruptcy petition, and the Settlement of the cause of action is an asset that would be property of the estate under Section 541 of the Bankruptcy Code.

15. If the Court reopens the case, a trustee will be appointed. The appointed trustee will exercise business judgment and determine whether to administer or not administer the asset for the benefit of the estate. Thereafter the debtor will have the opportunity to challenge the trustee's decision that the Settlement is an asset of the estate and determine whether the asset is worth administering.

16. The debtor filed an objection to the Motion arguing that, contrary to the facts set forth in his Complaint, the injury caused by the defective device did not arise before the petition was filed but had occurred in April 2012, when he fell in a shopping mall and later learned of the defective device.

17. The debtor filed an Affidavit to support his objection and recollection of the events that led to his injury.

18. The debtor claims in the Affidavit that he was not provided a copy of the Complaint until a year after the Complaint was filed. The debtor acknowledges that when he eventually read the Complaint, the allegations set forth describing the events did not concern him. (Affidavit, Paragraph 10)

19. While the UST does not oppose the admission into evidence of the debtor's Affidavit, the UST urges the Court to give appropriate weight to the facts alleged by the debtor in his Complaint which clearly demonstrate the debtor placed responsibility and liability squarely on the defendant's defective device that was implanted in 2005. The debtor's statements in the Affidavit are: inconsistent with the facts pled in the Complaint; self -serving; and unreliable.

20. The UST avers that even if the Court accepts debtor's statements in the Affidavit as true and the facts stated in the Complaint are not, the failure of his attorney to provide the debtor a copy of the Complaint or even communicate with him about the case for over a year indicates a serious breach of the attorney's responsibility to the client.

21.  Further, if the Court finds that the debtor's statements in the Affidavit are true, as opposed to what was pled in the Complaint, it therefore follows that the debtor (through his counsel) made false statements; and any settlement reached between the debtor and the product manufacturer defendant may be compromised because of the parties' reliance upon those false representations.

22. Bankruptcy courts have broad discretion to reopen cases after an estate has been administered. *Zinchiak v CIT Small Business Lending Corp. (In re Zinchiak)* 406F3d 214 (3rd Cir. 2005) see also *Judd v. Wolfe*, 78 F.3d 110, 116 (3d Cir. 1996); *In re Becker's Motor Transp., Inc.,* 632 F.2d 242, 245 (3d Cir. 1980) (interpreting the previous version of the Code); *see also In re Castillo*, 297 F.3d 940, 945 (9th Cir.2002); *In re Woods*, 173 F.3d 770, 778 (10th Cir.1999).

23. The UST requests that this Court only reopen the case to allow a trustee can to determine whether the Settlement should be administered as an asset of the estate. The Court is not being asked to find that the evidence presented by the UST or the debtor conclusively demonstrates that the cause of action and proposed settlement is or is not an asset of the estate, and that it should be administered by a trustee.

24. The UST avers that the facts set forth in the Complaint establish a prima facie case to permit this Court to reopen the case and allow a chapter 7 trustee to investigate the action. "[A]lthough a motion to reopen is addressed to the sound discretion of the bankruptcy court, the court has the duty to reopen an estate whenever prima facie proof is made that it has not been fully administered.'" *Lopez v. Specialty Rests. Corp. (In re Lopez)*, 283 B.R. 22, 27 (B.A.P. 9th Cir. 2002) (citing *Kozman v. Herzig (In re Herzig)*, 96 BR 264, 266 (B.A.P. 9th Cir. 1989)). [**11] A bankruptcy court abuses its discretion if it bases its ruling on an erroneous rule of law or where the Panel finds that the trial court has committed a clear error of judgment in the conclusion it reached. *Lopez,* 283 B.R. at 26. A court also abuses its discretion if it denies a motion to reopen where "assets of such probability, administrability and substance . . . appear to exist as to make it unreasonable under all the circumstances for the court not to deal with them." *Herzig*, 96 B.R. at 266.

For the reasons set forth above, among others, the UST respectfully requests that the Court conduct a hearing on the above issues and enter an order reopening this case to allow the UST to appoint a trustee to investigate and administer any possible additional assets. The UST specifically reserves the right to supplement his motion at or prior to the hearing thereon.

        ANDREW R. VARA
        United States trustee
        for Regions 3 and 9


By: */s/ Kevin P. Callahan*
     Kevin P. Callahan
     Trial Attorney
     Office of the U.S. Trustee
     200 Chestnut Street, Suite 502
     Philadelphia, PA  19106
     (215) 597-4411
     (215) 923-1293 (fax)

DATED:  March 31, 2020