**NAHRGANG & ASSOCIATES, P.C.**
**BY: MATTHEW R. NAHRGANG, ESQUIRE**
**ATTY. I.D.: 60051**
**35 Evansburg Road**
**Collegeville, PA 19426**
**(610)489-3041**
**E-Mail mnahrgang@verizon.net**

---

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

CHARLES EPPOLITO, JR. and  :  12-12083-MDC
ELAINE A. EPPOLITO  :
 :  Chapter 7

**DEBTORS SUPPLEMENTAL ANSWER TO**
**ACTING US TRUSTEE MOTION TO REOPEN**

1. Admitted.

2. Admitted and Debtors also incorporate their response attached as Exhibit A.

3. Admitted.

4. Denied. They filed a response but admit they oppose the Motion.

5. Admitted.

6. Denied to the extent that this averment differs from the Complaint as it speaks for itself.

7. Denied to the extent that this averment differs from the Complaint as it speaks for itself.

8. Denied to the extent that this averment differs from the Complaint as it speaks for itself.

9. Denied to the extent that this averment differs from the Complaint as it speaks for itself.

10. Denied to the extent that this averment differs from the Complaint as it speaks for itself.

11. Denied as a conclusion of law. To the extent a response is required, it is denied that the Complaint clearly sets forth that the debtor's cause of action arose in December 2005, when the defective device was implanted into the debtor. To the contrary, the Complaint merely notes that the device was implanted in 2005 and that Defendant is liable by virtue of it being its product. It does not state in any way when the cause of action arose which is a question to be determined by this Honorable Court pursuant to Pennsylvania Law.

12. Denied. The case was filed on March 5, 2012.

13. Denied as Debtors have no knowledge or information what the UST was told or by whom other than by their counsel who only noted a settlement which counsel believes is about $300,000.00.

14. Denied as a conclusion of law. By way of further answer,

> the Trustee has the burden of demonstrating a compelling cause to reopen the case and is required to show that, assuming the case is reopened, this Court can afford the relief sought by the Trustee. *See, e.g., Redmond v. Fifth Third Bank*, 624 F.3d 793, 803 (7th Cir. 2010); *In re Smith*, Bky. No. 14-32433, 2015 WL 3455356 (Bankr. N.D. Ohio May 28, 2015). Here, the Trustee must prove that the claim in question is property of the estate that can be administered by a Chapter 7 Trustee. (quoting Order entered by Honorable Magdeline D. Coleman in In re Francis 10-14207. Debtors acknowledge this is not precedential, but persuasive)

15. Denied as a conclusion of law and as the same is in direct contradiction to the law stated in paragraph 14. The UST must prove property of the estate before the case may be reopened.

16. Admitted in part and denied in part. It is expressly denied that debtor ever stated he fell in a shopping mall. The response does not say so and neither does the Affidavit in Lieu of Testimony. By way of further answer, it is expressly denied that either the response or Affidavit are contrary to the Complaint as the Complaint contains no specific dates but merely notes the date of the implant and that the injury occurred afterward. Paragraphs 13 and 14 fall woefully short of meeting the Trustees burden and the same is the only evidence in support of the Motion.

17. Admitted.

18. Denied to the extent that this allegation misstates the actual sentence referred to as it was not complete. The actual sentence reads: I do not recall reading it properly or seeing anything in it that concerned me.

19. Denied as a conclusion of law. By way of further answer, attached as Exhibit B in support of Debtors Response is a Notice on the New Jersey Superior Court website which states that the device was not voluntarily recalled by Stryker until July 3, 2012, nearly 5 months after this case was commenced.

Attached as Exhibit C in support of Debtors Response is a Notice on the New Jersey Superior Court website which states the following:

> On August 29, 2016, HOC sent a recall notification to its physician customers alerting them of the taper lock failure of LFIT V40 femoral heads manufactured before March 2011. On November 9, 2016 the Food and Drug Administration announced the voluntary recall of the product.

Debtors seek to introduce these Exhibits based on judicial notice.

20. Denied as a conclusion of law and because Debtors have no idea what this allegation has to do in support of the Motion.

21. Denied. See number 20.

22. Denied as a conclusion of law. By way of further answer, Debtors respectfully quote Judge Colemans Order:

> 6. State law controls whether a debtor possesses an interest in property that becomes
> property of the estate for purposes of 11 U.S.C. §541. *Butner v. U.S.*, 440 U.S. 48, 54 (1979). Here, the controlling law is Pennsylvania.
> 7. Pennsylvania law provides that a claim accrues on the date "the plaintiff could have first
> maintained an action to a successful conclusion." *Focht v. Focht*, 613 Pa. 48, 32 A.3d 668, 671 (2011)
> Case 10-14207-mdc Doc 29 Filed 04/25/17 Entered 04/25/17 18:00:19 Desc Main Document Page 2 of 43
> (quoting *Fine v. Checcio*, 582 Pa. 253, 870 A.2d 850, 857 (2005)). Specifically, for a personal injury suit, Pennsylvania requires the following elements to be shown: (1) the existence of a legal duty on the part of the defendant; (2) a breach of that duty by the defendant; (3) a causal connection between the defendant's breach and the resulting injury; and (4) actual damage suffered as a result. *See, e.g., Omer v. Mallick*, 515 Pa. 132, 527 A.2d 521, 523 (1997); *Morena*

>    *v. South Hills Health System*, 501 Pa. 634, 462 A.2d 680, 684
> n.5. Most importantly for this Court's purposes, "the injury is done when the act heralding a possible tort inflicts a damage which is physically objective and ascertainable." *Pounds v. Lehman*, 384 Pa. Super. 358, 558 A.2d 872, 873 (1989) (emphasis added). Pennsylvania courts have clarified that, in regards to latent injuries, such as the one at issue in this case, the injury only accrues when the plaintiff "discovers or reasonably should discover" that she is injured. *Wilson v. el-Daief*, 600 Pa. 161, 964 A.2d 354, 361-62 (2008).
> 8. Based upon Pennsylvania law, this Court must conclude that Mrs. Francis' injury accrued
> at the time she discovered or should have discovered her injury. The Trustee has submitted no evidence
> as to when this date is. In contrast, the Debtors have submitted evidence that indicates that Mrs. Francis only began experiencing pain related to her procedure in December 2010, after their August discharge.
>     Further, the medical community only became aware of the risks of the procedure Mrs. Francis had
> undergone in 2011, according to documentation issued by the Food and Drug Administration, the
> government entity that regulates the use of medical devices. The awareness that she might have a legal claim did not occur to Mrs. Francis until 2014 and the settlement was not reached until after that date. There is no evidence, other than the date of the initial procedure, which would indicate that Mrs. Francis'claim arose prior to the bankruptcy discharge.

Debtors respectfully submit that this reasoning is exactly on point in this case and this Honorable Court should deny the Motion.

23. Denied as a conclusion of law and for the reasons stated in prior paragraphs.

24. Denied as a conclusion of law and for the reasons stated in prior paragraphs.

WHEREFORE, Debtors respectfully request that this Honorable Court deny the Motion.

Respectfully submitted,

/s/ *Matthew R. Nahrgang*

_____
Matthew R. Nahrgang,
Attorney for Debtors